IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-02063-WYD-CBS

TRANSFIRST, LLC, a Delaware limited liability company,

Plaintiff,

v.

GRAHAM NORRIS, SR., individually; and
ITEX CORPORATION, a Nevada corporation,

Defendants.

---

## ORDER GRANTING MOTION TO REMAND ACTION

---

THIS MATTER comes before the Court upon the motion of Plaintiff TransFirst, LLC ("TransFirst") to remand this action to the District Court in and for the City and County of Denver, Colorado (the "State Court") pursuant to 28 U.S.C. 1447(c). Defendant ITEX filed a response on October 12, 2010, and Plaintiff filed a reply on October 29, 2010.

By way of background, Plaintiff commenced this action in the District Court in and for the County of Denver, Colorado by service of a summons and the complaint on Defendant Graham Norris, Sr. ["Norris"] on July 20, 2010.  Plaintiff filed the complaint in the State Court on July 26, 2010, and served Defendant ITEX Corporation ["ITEX"] four days later, on July 30, 2010.

ITEX filed a Notice of Removal with this Court on August 25, 2010, within thirty days of service as required by 28 U.S.C. § 1446.  The Notice of Removal asserts that

this is a civil action of which this Court has original diversity jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(a).  On August 25, 2010, Defendant Norris filed a joinder in the Notice of Removal.

Plaintiff contends that the Notice of Removal was procedurally deficient because Norris did not file a timely Notice of Removal within thirty days of service as required by 28 U.S.C. § 1446(b) and therefore lost any right to remove this action.  Plaintiff further contends that Norris' loss of his right of removal precludes the unanimity requirement of all Defendants from being met.  Plaintiff argues also that the removal was deficient because both Defendants failed to satisfy the requirement in § 1446(a) that copies of "all process . . . served upon such . . . defendants" in the state court be filed with the notice of removal and/or joinder in same.  Finally, Plaintiff argues that the "first served defendant" rule should be applied as it is consistent with fairness.

Turning to my analysis, in deciding Plaintiff's motion I note that there is a presumption against removal jurisdiction.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863 (1995).  For a federal court to have original jurisdiction in a diversity case, the amount in controversy must exceed $75,000 and the matter must be between citizens of different states.  28 U.S.C. § 1332(a).  Courts are required to "rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states."  *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998).  Defendant ITEX, as the party seeking removal, has

the burden of proving that federal jurisdiction is proper.  *Plog v. Colorado Ass'n of Soil Conservation Districts*, 841 F. Supp. 350, 352 (D. Colo. 1993).

I find that Plaintiff's Motion to Remand should be granted on the basis that it is procedurally deficient.  28 U.S.C. § 1446(a) requires that "[a] defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States . . .a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  Defendants did not comply with this provision as the summons served upon Defendant Norris was not attached to either the notice of removal or the joinder.  Thus, the Notice of Removal is admittedly deficient.

Defendant ITEX opposes the motion to remand on this ground, however, arguing that this type of procedural deficit is curable and that the Court has discretion to allow removal without "all process."  ITEX cites *Yellow Transportation, Inc. v. Apex Digital, Inc.*, 406 F. Supp. 2d 1213, 1215 (D. Kan. 2005) and related authorities, asserting that its argument reflects the "predominant view".  *See id.* (citing 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3733, at 350-51 (3d ed. 1998); *Covington v. Indemnity Ins. Co. of N. Am.*, 251 F.2d 930, 932-33 (5th Cir. 1958)).

This Court has, however, in several opinions rejected the holding of *Yellow Transportation* on this issue.  As noted by Judge Krieger, "*Yellow Transportation*'s conclusion fails to give sufficient weight to the Supreme Court's instruction that removal statutes are to be 'strictly construed'".  *Durand v. The Hartford Life & Acc. Ins. Co.*, No. 07-cv-00614-MSK-CBS, 2007 WL 1395336, at *1 (D. Colo. 2007) (quotation omitted).

Judge Krieger also stated on this issue:

> If strict construction is the command, it is incumbent that the Court apply the statute strictly as written, even-or perhaps particularly-in the face of seemingly inconsequential defects. That courts on occasion have entertained defective or amended removals without complaint reflects a certain pragmatism that is difficult to criticize, but they do so by assuming that "strictly construed" does not necessarily mean "*strictly* construed." Justice is best served when the law operates predictably and reliably. Engaging in somewhat arbitrary exercises of "discretion" to avoid what might seem to be the inflexible operation of a persnickety rule undermines that predictability, and, more importantly, operates as an artificial relief valve that prevents sufficient pressure from building in opposition to the rule to force its rethinking. If the Court should not apply the text of § 1446(a) strictly as written, that command should come from the Supreme Court or the 10th Circuit, not from the fact that other District Courts have chosen not to do so.

*Id.* (emphasis in original). Thus, Judge Krieger held that the failure to file a copy of the summons required a remand to the state court. *Id.* at *1-2; *see also Kinateder v. Am. Family Mut. Ins. Co. of Wis.*, No. 08-cv-02263-REB-KLM, 2009 WL 539668, at *1-2 (D. Colo. 2009) (Blackburn, J.); *Smith v. Time Ins. Co.*, No. 08-cv-00419-REB-BNB, 2008 WL 4452147, at *2 (D. Colo. 2008) (Blackburn, J.).

I acknowledge that there is a split of authority on this issue amongst other courts as discussed by Judge Ebel in *Day Imaging, Inc. v. Color Labs Enterprise, L.L.C.*, No. 09-cv-02123-DME-MEH, 2009 WL 4884274, at *2 (D. Colo. 2009). However, I find that Judge Krieger's analysis in *Durand* is well reasoned and adopt it herein in finding that the procedural defect in this case requires remand. Even if the procedural defect does not require remand and such a remand is merely discretionary, I note as did Judge Ebel in the *Day Imaging* case that I would exercise my discretion to remand the case. *Day*

*Imaging*, 2009 WL 4884274, at *2.  Since I have found that a remand is appropriate on this ground, I need not consider the other arguments made in Plaintiff's motion.  It is therefor

ORDERED that Plaintiff's Motion to Remand Action (ECF No. 18 filed September 15, 2010) is **GRANTED**, and this case is **REMANDED** to the District Court in and for the City and County of Denver, Colorado.

Dated this 16th day of November, 2010.

BY THE COURT:


s/ Wiley Y. Daniel_____
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE